UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF TENNESSEE

NASHVILLE DIVISION

| | |
|---|---|
| CITY OF WARREN GENERAL EMPLOYEES' RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>                          Plaintiff,<br><br>  vs.<br><br>RAYONIER ADVANCED MATERIALS INC., et al.,<br><br>                          Defendants. | Civil Action No. 3:17-cv-01167<br><br>CLASS ACTION<br><br>The Honorable Aleta A. Trauger<br><br>MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL |

1318440_1

## I. INTRODUCTION

This action is brought on behalf of purchasers of common stock of Rayonier Advanced Materials Inc. ("Rayonier" or the "Company") between October 29, 2014 and August 19, 2015 (the "Class Period") against the Company and two senior executive officers for alleged violations of the Securities Exchange Act of 1934 (the "1934 Act"). In securities class actions, the Private Securities Litigation Reform Act of 1995 ("PSLRA") directs district courts to appoint as lead plaintiff the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(i).

The Michigan Carpenters' Pension Fund and Local 295 IBT Employer Group Pension Trust Fund (collectively, the "Pension Funds") should be appointed lead plaintiff because they filed a timely Motion, have the largest financial interest in the outcome of this litigation, and will typically and adequately represent the class's interests. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii). In addition, the Pension Funds' selection of Barrett Johnston Martin & Garrison, LLC as local counsel and Robbins Geller Rudman & Dowd LLP as lead counsel for the putative class should be approved. 15 U.S.C. §78u-4(a)(3)(B)(v).

Because the Pension Funds satisfy the statutory criteria for appointment as lead plaintiff, the Court should grant their motion.

## II. STATEMENT OF FACTS

Rayonier manufactures cellulose specialty products that are sold throughout the world to companies for use in various industrial applications and to produce a wide variety of products, including cigarette filters, foods, pharmaceuticals, textiles, and electronics. The Company's primary products are cellulose specialties and commodity products. Cellulose specialties are natural polymers, used as raw materials to manufacture a broad range of consumer-oriented products such as cigarette filters, liquid crystal displays, impact-resistant plastics, thickeners for food products,

pharmaceuticals, cosmetics, high-tenacity rayon yarn for tires and industrial hoses, food casings, paints and lacquers.  Rayonier shares trade on the NASDAQ under the ticker RYAM.

The Complaint alleges that, throughout the Class Period, defendants misled investors and made false statements and/or failed to disclose adverse information, including that Rayonier was in a protracted dispute with Eastman Chemical Company ("Eastman"), the Company's top customer – representing 31% of the Company's sales – over the "meet and release" provision of their agreement, and that this dispute resulted in a decrease in sales to Eastman in 2015 and 2016.

On August 18, 2015, after the markets closed, the Company filed a form 8-K with the Securities and Exchange Commission informing investors that the Company had filed an action against Eastman regarding its "chemical cellulose specialty products contract with Eastman." On August 19, 2015, the Company issued a press release further explaining the dispute with Eastman. Specifically, the language in the contract at issue involved the "meet or release" provisions of the agreement, which allow Eastman to obtain "third party offers that meet the requirements of the Supply Agreement for similar cellulose specialties products, and would require [Rayonier Advanced Materials] to either meet such price or release the volume, thereby allowing Eastman to purchase the volume from the third party."  In reaction to these announcements, the price of Rayonier common stock fell 79% on extremely heavy trading volume, causing substantial harm to investors.

### III.     ARGUMENT

#### A.     The Pension Funds Are the "Most Adequate Plaintiff" and Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the 1934 Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i).  First, "[n]ot later than 20 days" after the complaint is filed, a notice must be published "in a widely circulated national business-oriented publication or wire service" advising members of the purported

- 2 -

plaintiff class "of the pendency of the action, the claims asserted therein, and the purported class period" and that "not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff." 15 U.S.C. §78u-4(a)(3)(A)(i). The statutory notice in this case was published on August 17, 2017. *See* Declaration of Jerry E. Martin in Support of Motion Appointment as Lead Plaintiff, and Approval of Lead Plaintiff's Selection of Lead Counsel ("Martin Decl."), Ex. A.

Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person that –

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I); *Blitz v. AgFeed Indus., Inc.*, 2012 WL 1192814, at *2 (M.D. Tenn. Apr. 10, 2012). The Pension Funds meet these requirements and should be appointed as Lead Plaintiff.

### 1. The Pension Funds' Motion Is Timely

The August 17, 2017, statutory notice published in connection with the filing of the Complaint advised class members of the pendency of the action, the claims asserted, the relevant time period, and the right to move the Court for appointment as lead plaintiff within 60 days, or by October 16, 2017. *See* Martin Decl., Ex. A; 15 U.S.C. §78u-4(a)(3)(A). Because this Motion is being timely filed by the statutory deadline, the Pension Funds are eligible for appointment as lead plaintiff.

### 2. The Pension Funds Have the Largest Financial Interest in the Relief Sought by the Class

As evidenced by their Certifications, the Pension Funds purchased or acquired 39,660 Rayonier shares during the Class Period and suffered over $558,070 in losses as a result of defendants' alleged misconduct. *See* Martin Decl., Exs. B, C. To the best of their counsel's knowledge, there are no other plaintiffs with a larger financial interest. Therefore, the Pension Funds satisfy the PSLRA's prerequisite of having the largest financial interest.

### 3. The Pension Funds Are Typical and Adequate of the Putative Class

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Rule 23 "requires in part that 'the claims or defenses of the representative parties are typical of the claims or defenses of the class . . .' and that 'the representative parties will fairly and adequately protect the interests of the class.'" *Blitz*, 2012 WL 1192814, at *10 (citation omitted).

"In the Sixth Circuit, the test for typicality is whether a named plaintiff's claims 'arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory.'" *Garden City Emps. Ret. Sys. v. Psychiatric Solutions, Inc.*, 2012 U.S. Dist. LEXIS 44445, at *99-*100 (M.D. Tenn. Mar. 29, 2012) (certifying securities class action) (citation and emphasis omitted). Here, if appointed, the Pension Funds intend to allege that defendants violated the federal securities laws by disseminating materially false and misleading statements and omissions and that the Pension Funds purchased Rayonier stock at prices artificially inflated by defendants' misrepresentations and omissions, like all of the other putative class members. Therefore, the Court should find their claims are typical to the claims of the other class members.

"Inquiry into the adequacy elements requires the Court to consider whether '"(1) the representative[s] . . . have common interests with unnamed members of the class, and (2) it [] appear[s] that the representatives will vigorously prosecute the interests of the class through qualified counsel."'" *Id*. at *101 (citations omitted).  The Pension Funds, sophisticated institutional investors, are aware of the requirements and responsibilities of being a lead plaintiff in a securities class action and are willing to undertake these responsibilities on behalf of the class.  *See* Martin Decl., Ex. D.  The Pension Funds are not aware of any potential conflicts of interest or any matters that would preclude them from fulfilling their duties as lead plaintiff.  Additionally, as explained below, the Pension Funds have selected experienced and qualified counsel with offices in this District, further evidencing their ability to fairly and competently represent the interests of the class.

Because the Pension Funds filed a timely motion, have a large financial interest in the relief sought by the class, and demonstrated their typicality and adequacy, the Court should adopt the presumption that they are the "most adequate plaintiff."

### B.   The Court Should Approve the Pension Funds' Selection of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the Court's approval.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v).  The Pension Funds selected Robbins Geller as lead counsel and Barrett Johnston as local counsel.

Robbins Geller, a 200-attorney firm with offices in this District, regularly represents institutional and individual investors in securities litigation within the Sixth Circuit and this District.  *See* Martin Decl., Ex. E.  District courts throughout the country, including the judges of this Court, have noted Robbins Geller's reputation for excellence.  *See, e.g.*, *Burges v. BancorpSouth, Inc.*, 2017 U.S. Dist. LEXIS 97953 (M.D. Tenn. June 26, 2017) (certifying class and appointing Robbins Geller as class counsel); *Garden City Emps. Ret. Sys. v. Psychiatric Solutions, Inc.*, 2010 U.S. Dist. LEXIS 42915, at *13 (M.D. Tenn. Apr. 30, 2010) (finding Robbins Geller attorneys to be "well qualified

- 5 -

1318440_1

and experienced to represent the class"). Notably, the team of Robbins Geller and Barrett Johnston is responsible for obtaining each of the three largest securities fraud class action recoveries ever obtained in this District. *See, e.g.*, *Schuh v. HCA Holdings, Inc.*, No. 3:11-cv-01033, Transcript at 12-13 (M.D. Tenn. Apr. 11, 2016) (Sharp, J.) (in granting final approval to $215 million recovery, the largest securities class action recovery ever in Tennessee, the court stated that Robbins Geller and Barrett Johnston "were gladiators" and expressed the court's "appreciat[ion for] the work that you all have done on this"). Robbins Geller attorneys have also obtained the largest securities fraud class action recovery in this Circuit as well as in the Fifth, Seventh, Eighth, Tenth, and Eleventh Circuits.[1]

The members of the class will receive the highest caliber of legal representation available from Robbins Geller and Barrett Johnston. Accordingly, the Pension Funds' selection of counsel should be approved.

---

[1]  *See In re Enron Corp. Sec.*, No. H-01-3624 (S.D. Tex.) ($7.3 billion recovery is largest securities class action recovery in U.S. history and in the 5th Circuit); *In re Cardinal Health, Inc. Sec. Litig.*, No. C2-04-00575 (S.D. Ohio) ($600 million recovery is the largest securities class action recovery in the 6th Circuit); *Lawrence E. Jaffe Pension Plan v. Household Int'l Inc.*, No. 1:02-cv-05893 (N.D. Ill.) ($1.575 billion recovery is the largest securities class action recovery following a trial as well as the largest securities class action recovery in the 7th Circuit); *In re UnitedHealth Group Inc. Sec. Litig.*, No. 0:06-cv-01691 (D. Minn.) ($925 million recovery is the largest securities class action recovery in the 8th Circuit); *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 01-cv-1451 (D. Colo.) ($445 million recovery is the largest securities class action recovery in the 10th Circuit); *In re HealthSouth Corp. Sec. Litig.*, No. CV-03-BE-1500 (N.D. Ala.) ($671 million recovery is the largest securities class action recovery in the 11th Circuit).

## IV.    CONCLUSION

The Pension Funds have satisfied each of the PSLRA's requirements for appointment as lead plaintiff.  As such, the Pension Funds respectfully request that the Court appoint the Pension Funds as Lead Plaintiff and approve their selection of Lead Counsel.

DATED:  October 16, 2017                    Respectfully submitted,

BARRETT JOHNSTON MARTIN
  & GARRISON, LLC
JERRY E. MARTIN, #20193


                         s/ Jerry E. Martin
                         JERRY E. MARTIN

Bank of America Plaza
414 Union Street, Suite 900
Nashville, TN  37219
Telephone:  615/244-2202
615/252-3798 (fax)
jmartin@barrettjohnston.com

Local Counsel

ROBBINS GELLER RUDMAN
  & DOWD LLP
CHRISTOPHER M. WOOD, #032977
414 Union Street, Suite 900
Nashville, TN  37219
Telephone:  800/449-4900
615/252-3798 (fax)
cwood@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
DARREN J. ROBBINS
DANIELLE S. MYERS
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
darrenr@rgrdlw.com
dmyers@rgrdlaw.com

[Proposed] Lead Counsel for Plaintiff

- 7 -

- 8 -

                      SACHS WALDMAN, P.C.
                      DEREK L. WATKINS
                      1423 East Twelve Mile Road
                      Madison Heights, MI  48071
                      Telephone:  248/658-0800
                      248/658-0801 (fax)
                      dwatkins@sachswaldman.com

                      Additional Counsel for Plaintiff

CERTIFICATE OF SERVICE

I hereby certify that on October 16, 2017, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on October 16, 2017.

s/ JERRY E. MARTIN
JERRY E. MARTIN

BARRETT JOHNSTON MARTIN
    & GARRISON, LLC
Bank of America Plaza
414 Union Street, Suite 900
Nashville, TN  37219
Telephone:  615/244-2202
615/252-3798 (fax)

E-mail:	jmartin@barrettjohnston.com

1318440_1

# Mailing Information for a Case 3:17-cv-01167 City of Warren General Employees' Retirement System v. Rayonier Advanced Materials Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Mario Alba , Jr**
  malba@rgrdlaw.com

- **Thomas C. Michaud**
  tmichaud@vmtlaw.com

- **W. Brantley Phillips , Jr**
  bphillips@bassberry.com,kreecer@bassberry.com,lbilbrey@bassberry.com

- **Samuel H. Rudman**
  srudman@rgrdlaw.com

- **Christopher M. Wood**
  cwood@rgrdlaw.com,ptiffith@rgrdlaw.com,hdeshmukh@rgrdlaw.com,e_file_sd@rgrdlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`